1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY CHAPPA,                          No.  2:20-cv-0379 AC

12                   Plaintiff,

13        v.                                  ORDER

14   SHASTA COUNTY SHERIFF, et al.,

15                   Defendants.

16

17        Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

18   and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 3.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                              1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3       II.      Statutory Screening of Prisoner Complaints

4       The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1  R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

2      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

4  <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

8  <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

11      III.    <u>Complaint</u>

12      The complaint brings claims for excessive force against the Shasta County Sheriff; Tom

13  Bonseko, Warden of the Shasta County Jail; and Sheriff's Deputies Vangerwin and McQuillan.

14  ECF No. 1 at 2-4.  The complaint alleges in sum as follows.  On July 19, 2019, plaintiff was

15  placed in the jail dayroom with other inmates while his cell was being searched.  Due to an

16  altercation involving an inmate in another location, all dayroom occupants were ordered to lie on

17  the ground.  Plaintiff complied.  As plaintiff lay face-down on the floor, Officer Vangerwin

18  ordered him to move out of his way.  Plaintiff was in between two tables and unable to move very

19  much.  Vangerwin jumped on plaintiff's back and started yelling "Stop resisting," even though

20  plaintiff was not resisting.  Vangerwin sprayed plaintiff in the face with pepper spray, wrenched

21  his arms behind his back, and applied handcuffs.  Vangerwin and McQuillan then lifted plaintiff

22  by the back of his arms, dragged him through the pod, and slammed his head into a closed door.

23  The force split plaintiff's forehead open, requiring stitches, and knocked two teeth loose.  ECF

24  No. 1 at 6-9.

25      IV.    <u>Claims for Which a Response Will Be Required</u>

26      The complaint does not specify whether plaintiff was a pretrial detainee at the time of the

27  incident or was serving a criminal sentence.  If he was a pretrial detainee, his excessive force

28  claim is governed by the Fourth Amendment's objective reasonableness standard.  See <u>Lolli v.</u>

3

1  County of Orange, 351 F.3d 410, 415 (9th Cir. 2003).  If plaintiff had been convicted of a crime

2  and was serving a sentence, the claim is governed by the Eighth Amendment and plaintiff must

3  establish that the force was used maliciously or sadistically to cause harm.  See Hudson v.

4  McMillian, 503 U.S. 1, 6-7 (1992).  Plaintiff has pled his excessive force claim in the alternative

5  under both constitutional provisions.  ECF No. 1 at 3, 4.[1]

6      The allegations of the complaint, liberally construed, state an excessive force claim

7  against Deputies Vangerwin and McQuillan under either standard.  These defendants will be

8  required to respond.

9      V.      Failure to State a Claim

10      The complaint contains no factual allegations regarding Shasta County, its Sheriff's

11  Department or its Jail, but summarily asserts municipal liability.  ECF No. 1 at 3.  A municipality

12  can only be liable under § 1983 if it caused the deprivation of plaintiff's rights.  See Monell v.

13  Department of Social Services, 436 U.S. 658, 690, 694-95 (1978) (claim against a local

14  governmental entity requires allegations that a specific policy, custom, or practice of the entity

15  was the "moving force" behind plaintiff's alleged constitutional deprivation).  Municipal liability

16  requires "a direct causal link between a municipal policy or custom and the alleged constitutional

17  deprivation."  Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008)

18  (citations and internal quotation marks omitted).  There are no allegations here that any County or

19  Sheriff's Department policy caused Deputies Vangerwin and McQuillan to use excessive force

20  against plaintiff.  Accordingly, plaintiff has failed to state a municipal liability claim against the

21  County or its Sheriff's Department.

22      The complaint also contains no allegations against Tom Bonseko, but summarily asserts

23  that he is a "policy maker."  ECF No. 1 at 3.  Section 1983 limits liability to those who cause the

24  deprivation of plaintiff's rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There

25  is no respondeat superior liability under § 1983.  See Iqbal, 556 U.S. at 676.  Supervisors may be

26  liable for their own supervisory acts or omissions which cause a constitutional violation, but not

27

28

---

[1]  If plaintiff files an amended complaint, he should specify whether he was a pretrial detainee or
was serving a sentence at the time of the incident.

1    for the acts of those over whom they have authority.  See Starr v. Baca, 652 F.3d 1202, 1205-06

2    (9th Cir. 2011).  Because the complaint does not allege any supervisory involvement by Bonseko

3    that contributed to the alleged violation of plaintiff's rights, nor specify any policy that Bonseko

4    made which caused the violation, plaintiff has not stated a claim for relief against Bonseko.

5          VI.    Leave to Amend

6          For the reasons set forth above, the court finds that the complaint does not state

7    cognizable claims against Shasta County (and/or its Sheriff's Department) or Tom Bonseko.

8    However, it appears that plaintiff may be able to allege facts to remedy this and he will be given

9    the opportunity to amend the complaint if he desires.

10         Plaintiff may proceed forthwith to serve defendants Vangerwin and McQuillan on his

11   claim that they used excessive force against him, or he may delay serving any defendant and

12   amend the complaint.

13         Plaintiff will be required to complete and return the attached notice advising the court how

14   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

15   file an amended complaint.  If plaintiff elects to proceed on his claims against defendants

16   Vangerwin and McQuillan without amending the complaint, the court will proceed to serve the

17   complaint.  A decision to go forward without amending the complaint will be considered a

18   voluntarily dismissal without prejudice of all claims against Shasta County (and/or its Sheriff's

19   Department) and Tom Bonseko.

20         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

21   about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

22   423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

23   defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

24   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

25   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

26   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

27   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

28   268 (9th Cir. 1982) (citations omitted).

5

1    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

2    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

3    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

4    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

5    1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

6    Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

7    in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

8    the original complaint no longer serves any function in the case.  Therefore, in an amended

9    complaint, as in an original complaint, each claim and the involvement of each defendant must be

10   sufficiently alleged.

11        VII.    Plain Language Summary of this Order for a Pro Se Litigant

12        Your request to proceed in forma pauperis is granted and you are not required to pay the

13   entire filing fee immediately.

14        The allegations in the complaint state a claim against some defendants but not others.

15   You have stated a claim for use of excessive force against Deputies Vangerwin and McQuillan,

16   and they will be required to respond to the complaint.  However, you have not stated a claim

17   against Shasta County (and/or its Sheriff's Department) or Tom Bonseko.  A municipality like a

18   County or its Sheriff's Department can only be liable if it had a policy that caused the violation of

19   your rights.  And a supervisor like Bonseko can only be liable if he did something as a supervisor

20   that caused or contributed to the violation of your rights.  Neither the County nor Bonseko are

21   liable just because they are in charge of the jail and its staff.

22        You have a choice to make.  You may either (1) proceed immediately on your excessive

23   force claim against Deputies Vangerwin and McQuillan and voluntarily dismiss the other

24   defendants, or (2) try to amend the complaint to state claims against the County and Bonseko.  If

25   you want to go forward without amending the complaint, you will be voluntarily dismissing

26   without prejudice your claims against Shasta County (and/or its Sheriff's Department) and Tom

27   Bonseko.  If you choose to amend your complaint, the amended complaint must include all of the

28   claims you want to make, including the ones that have already been found to state a claim,

1    because the court will not look at the claims or information in the original complaint.  **Any claims**

2    **not in the amended complaint will not be considered.**  You must complete the attached

3    notification showing what you want to do and return it to the court.  Once the court receives the

4    notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint

5    or wait for defendants to be served).

6    CONCLUSION

7        In accordance with the above, IT IS HEREBY ORDERED that:

8        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is granted.

9        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

10    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12    appropriate agency filed concurrently herewith.

13        3.  Plaintiff's claims against defendant Shasta County (and/or its Sheriff's Department)

14    and Tom Bonseko do not state claims for which relief can be granted.

15        4.  Plaintiff has the option to proceed immediately on his excessive force claim against

16    defendants Vangerwin and McQuillan as set forth above, or to amend the complaint.

17        5.  Within fourteen days of service of this order, plaintiff shall complete and return the

18    attached form notifying the court whether he wants to proceed on the screened complaint or

19    whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

20    will assume that he is choosing to proceed on the complaint as screened and will recommend

21    dismissal without prejudice of the claims against Shasta County (and/or its Sheriff's Department)

22    and Tom Bonseko.

23    DATED: June 10, 2021

24    ALLISON CLAIRE
        UNITED STATES MAGISTRATE JUDGE

25

26

27

28

7

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY CHAPPA,                          No.  2:20-cv-0379 AC

12              Plaintiff,

13      v.                                     PLAINTIFF'S NOTICE ON HOW TO
                                               PROCEED
14   SHASTA COUNTY SHERIFF, et al.,

15              Defendants.

16

17          Check one:

18   _____  Plaintiff wants to proceed immediately on his excessive force claim against defendants

19          Vangerwin and McQuillan without amending the complaint.  Plaintiff understands that by

20          going forward without amending the complaint he is voluntarily dismissing without

21          prejudice his claims against defendants Shasta County (and/or its Sheriff's Department)

22          and Tom Bonseko.

23

24   _____  Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                        _____
                                          ANTHONY CHAPPA
28                                        Plaintiff pro se

                                               1